CA 05 372 S

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Rhode Island |
|---|---|
| Name (under which you were convicted): Arthur D'Amario | Docket or Case No.: |
| Place of Confinement: U.S. Medical Center, PO Box 4000, Springfield, MO 65801-4000 | Prisoner No.: 02989-070 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) Arthur D'Amario |

FILED AUG 26 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: U.S. District Court, District of Rhode Island
2 Exchange Terrace
Providence, RI 02903

(b) Criminal docket or case number (if you know): CR 99-024S

2. (a) Date of the judgment of conviction (if you know): Sept. 30, 2003 (Judgment E.O.D. Oct. 2, 2003)

(b) Date of sentencing: Sept. 30, 2003

3. Length of sentence: 11 months

4. Nature of crime (all counts): Grade C violation of supervised release in RI (CR 99-024S) and NJ (CR 01-346-JEI) cases (concurrent 11-month terms)

5. (a) What was your plea? (Check one)

(1) Not guilty ☒ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? ______

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☒ No ☐

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒

9. If you did appeal, answer the following:

(a) Name of court: First Circuit

(b) Docket or case number (if you know): 3-2638

(c) Result: voluntarily dismissed pursuant to FRAP 42(b)

(d) Date of result (if you know): July 18, 2005

(e) Citation to the case (if you know): ____

(f) Grounds raised: n/a

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): ____

(2) Result: ____

(3) Date of result (if you know): ____

(4) Citation to the case (if you know): ____

(5) Grounds raised: ____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: D.R.I.

(2) Docket or case number (if you know): CR 99-024S

(3) Date of filing (if you know): December 2003

(4) Nature of the proceeding: Rule 36 motion

(5) Grounds raised: That Judge Smith unlawfully altered the oral pronouncement of 9/30/03 when entering the written Judgment on 10/2/03, with respect to s.r. special condition no. 3.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒

(7) Result: motion denied

(8) Date of result (if you know): January 2004

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☒

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: I was advised by my new lawyers in 2005 that the First Circuit hates me and will never render a verdict in my favor, and that my appeals are a waste of time and energy. Ineffective assistance claims aren't heard on direct review.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: The arrest warrant was invalid and venue was improper as the revocation proceeding could only be based in the district of New Jersey.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Under 18 USC § 3606, because my supervision had been formally relocated to Arizona, and I was arrested in Camden, NJ, which had jurisdiction over me, a warrant could only be issued by a judge in those two districts. Judge McAuliffe's 6/2/03 N.H. warrant was invalid. Rule 32.1(a)(4) and Rule 18 laid venue in New Jersey only. § 3605 was inapplicable to revocation hearings and was abused to summon me before a biased and hostile magistrate. My lawyers in NJ and RI rendered ineffective assistance in not knowing venue rules or § 3606 and in letting me get railroaded from NJ to RI without even a preliminary hearing in Camden, nor did they appeal the unlawful removal order of Judge Irenas or procure a transcript of the 6/4/03 NJ hearing. The controlling case is U.S. v. Salinas, 373 F.3d 161, 164 (1st Cir. 2004).

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue? n/a

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: __________

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application? n/a

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: __________

Name and location of the court where the motion or petition was filed: __________

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

GROUND TWO: Magistrate Lovegreen was biased and obligated by 28 USC § 455(a) to recuse, as was Judge Smith, who had a conflict of interest.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Magistrate Lovegreen has hated me for many years and in 1993 banished me from his courtroom forever. His July 2003 R & R falsely reported the facts and evidence from the 6/17/03 hearing to favor the government. Judge Smith has ties to Attleboro Police and in May 2003 was secretly obtaining information about me from extra-judicial sources. He and Lovegreen in early 2003 asked CUSPO Weiner to trick me into an Arizona release plan and keep me out of RI (see attached exhibit from AFPD Lori M. Koch). Ken O'Donnell was ineffective in not seeking recusal consistent with Judge Torres' 5/14/03 order that my cases be heard in another district. He allowed Lovegreen

and Smith to do a hatchet-job on me to serve their own personal interests. Judge Smith worked as a lawyer in 1999 with Todd M. Reed as Reed represented the police officers who framed me in 1999.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? n/a

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application? n/a

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

GROUND THREE: The government suppressed and may have destroyed crucial evidence that was exculpatory, and lied that it didn't exist.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Inmate Travis Gorby of FCI McKean tried to mail me a witness Affidavit in 2003 but it was intercepted by McKean's mailroom. I complied with Judge Irenas' 4/30/03 order to write my reasons for returning to RI for Weiner and did so 5/1/03. Weiner hid the letter and committed perjury 6/17/03 that I hadn't complied. On 11/20/03, USPO Tom Galindo admitted to my mother that he'd received my letter and forwarded it to Weiner. My FCI McKean case manager, Brian Henry, sanitized my central file, destroying my original RI release plan and other documentation proving that he and Weiner tricked me into the Arizona release on a web of deceit. My lawyer was ineffective in not obtaining evidence or proving its existence.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue? n/a

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application? n/a

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

GROUND FOUR: W. Kenneth O'Donnell concealed a conflict of interest, as did AUSA Leavey, and O'Donnell rendered ineffective assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
I'd have never hired O'Donnell in May '03 had he divulged that AUSA James Leavey, who was about to prosecute me, was litigating a forfeiture action against him seeking repayment of $253,000 that O'Donnell didn't have as he was broke and at Leavey's mercy. I believe this is why O'Donnell laid down on me. He did not call my best witness, Dr. Kenneth J. Weiss, who wanted to testify that I'm neither mentally ill nor dangerous, and he actively concealed Dr. Weiss's report from the court. He did not object to the biased and falsified R & R, nor did he procure a transcript from 6/17/03 for Judge Smith to review. He called no witnesses, presented no documentation that was readily available, and never sought to transfer my supervision from AZ to RI prior to 6/2/03, even though he was hired and paid $5,000 for that specific purpose. He did not seek recusal or challenge venue or contest

the invalid warrant. He stopped speaking to me after 6/17/03 and did not prepare for sentencing, or I'd have received a lesser penalty. Nor did he withdraw when I asked him to in July 2003 because he was stealing my money.

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue? n/a

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ____________________

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application? n/a

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed: ____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: My appeal (3-2638) was withdrawn 7/18/05 in part because it is settled Circuit law that a claim of ineffective assistance of counsel will not be heard on direct review and must be commenced in in a collateral attack under § 2255.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ______

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: W. Kenneth O'Donnell
777 N. Main St., Providence, RI

(b) At arraignment and plea: AFPD Lori M. Koch
800 Hudson Sq., Camden, NJ 08102

(c) At trial: O'Donnell

(d) At sentencing: O'Donnell

(e) On appeal: n/a

(f) In any post-conviction proceeding: n/a

(g) On appeal from any ruling against you in a post-conviction proceeding: n/a

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☒ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: District of Rhode Island

(b) Give the date the other sentence was imposed: Judgment E.O.D. June 10, 2005

(c) Give the length of the other sentence: 12 months

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☒ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

A timely appeal was claimed in November 2003. The judgment became "final" when that appeal was dismissed on July 18, 2005.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: vacatur of Judgment and remand to Camden, NJ, and/or reduction of sentence and elimination of special s.r. conditions upon testimony of Dr. Weiss concerning dangerousness. or any other relief to which movant may be entitled.

____________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on August 17, 2005 (month, date, year).

Executed (signed) on Aug. 16, 2005 (date).

[signature]

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. ____________________________

IN FORMA PAUPERIS DECLARATION

____________________________

[Insert appropriate court]

* * * * *

**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF NEW JERSEY**
800-840 COOPER STREET, SUITE 350
CAMDEN, NEW JERSEY 08102

**RICHARD COUGHLIN**
EDERAL PUBLIC DEFENDER

(856) 757-5341 Telephone
(856) 757-5273 Facsimile

**CHESTER M. KELLER**
FIRST ASSISTANT

April 30, 2003

Barry Wiener
Chief U.S. Probation Officer
Office of the United States Probation
District of Rhode Island
36 Exchange Terrace - 3rd Floor
Providence, Rhode Island 02903

Re: United States v. Arthur D'Amario
Criminal No. 01-346 (JEI)
Criminal No. 99-030 (JAD)

Dear Mr. Wiener:

This is to document that on Thursday, April 24, 2003 you advised me during our telephone conversation that you were of the understanding that Mr. D'Amario's brother, Jeffrey D'Amario, would not permit his brother Arthur to reside with him at his home in Smithfield. You further stated you understood that Jeffrey D'Amario was "afraid" of his brother. You did not provide a source for either of these statements.

On that same date I spoke to Jeffery D'Amario. He advised that he had never been contacted by anyone, including the probation department, related to his brother Arthur staying with him other than Arthur himself. He further advised that he is not "afraid" of his brother, has never told anyone that he is, and that he is willing to allow Arthur to stay with him until he finds a more permanent home. His only concern is that his house is small and he would not want this to be a permanent arrangement.

You also advised me that a number of judges (without providing names) and Assistant United States Attorney Stephanie Brown are "afraid" of Mr. D'Amario based on what they consider to be threats contained in his June 2000 letter, and therefore that the District of Rhode Island does not "want" Mr. D'Amario in that District.

Please do not hesitate to contract me, preferably in writing, if you feel I have misconstrued our conversation in any way.

Sincerely,

Lori Koch

Lori M. Koch
Assistant Federal Public Defender

LMK/a

cc: Professor Andrew Horwitz, Esquire
Arthur D'Amario