CERTIFIED COPY

DC# 05-372
J. Swells

# United States Court of Appeals
## For the First Circuit

No. 05-2344

ARTHUR D. D'AMARIO, III,

Petitioner,

v.

UNITED STATES,

Respondent.

Before

Lynch, Lipez and Howard,
Circuit Judges.

JUDGMENT

Entered: January 26, 2006

The district court transferred to this court a filing which it concluded was an impermissible second or successive motion pursuant to 28 U.S.C. § 2255. Contrary to the district court's apparent conclusion, however, the filing was not a second or successive collateral challenge to petitioner's original 2000 conviction for being a felon-in-possession. Rather, the August 30, 2005 filing purported to challenge petitioner's September 2003 revocation conviction for violating his conditions of supervised release. The filing was not a second or successive motion directed at that September 2003 conviction.

Nonetheless, we decline petitioner's request for remand to the district court. First, petitioner makes no contention that he is in custody (for purposes of a § 2255 filing) pursuant to this September 2003 conviction and it is not at all evident that that is so, given petitioner's subsequent June 2005 conviction for again violating conditions of supervised release. We do not resolve this question, however. The § 2255 filing petitioner submitted to the

district court reiterates the same repetitive, unsupported, self-serving claims that appeared in petitioner's appeal from the September 2003 conviction. Petitioner apparently believes that he can present them anew by adding the gloss that his counsel was ineffective in failing to raise these issues at the 2003 revocation proceeding. Petitioner, however, raised his claims of ineffective assistance of counsel in a motion for new trial filed within days of the 2003 revocation conviction. When that new trial motion was denied, petitioner simultaneously appealed the denial of the new trial motion and the September 2003 revocation conviction. Petitioner, thereafter, voluntarily withdrew this combined appeal on July 18, 2005. See United States v. D'Amario, No. 03-2638. Petitioner may not, in the guise of a collateral challenge, reinstitute review of these claims that he previously deliberately withdrew. "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

The motion to stay the conditions of supervised release is denied.

The motion to remand is denied. The request for § 2255 relief is denied and the instant matter is summarily dismissed.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________

Chief Deputy Clerk.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA

By: [signature] Date: 1-26-06

[Cert. cc: Hon. William E. Smith and David DiMarzio, Clerk, U.S.D.C. of Rhode Island, cc: Messrs: D'Amario, Goldstein and Lockhart]